**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ.<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:12-CV-00330-SMS<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Plaintiff Juan Hernandez, proceeding *in forma pauperis*, by his attorneys, Law Offices of Lawrence D. Rohlfing, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act"). Both issues in the appeal relate to the Administrative Law Judge's application of expert opinion provided by the various physicians regarding Plaintiff's residual functional capacity.

The Court's review of the administrative record reveals that Dr. Stoltz examined Plaintiff and rendered an opinion on his residual functional capacity before Plaintiff underwent spinal decompression surgery. The agency physicians, Drs. Vu and Fracchia, each provided his or her opinion of Plaintiff's residual functional capacity after the surgery had been completed and assumed that the surgery would effectively reduce the spinal compression thought to be responsible for Plaintiff's pain. Plaintiff's treating physician, Dr. Najafi, rendered his opinion of Plaintiff's residual functional capacity after having concluded that the surgery had failed to achieve its goal of reducing

1

the compression on Plaintiff's spine.  Neither the ALJ's opinion nor the parties' briefs acknowledge the timing of the opinions.

Accordingly, the Court directs supplemental briefing, addressing the relevance, if any, of the timing of each expert's opinion in relation to the onset date of Plaintiff's severe impairment for purposes of this SSI application, the date on which Dr. Najafi performed the spinal decompression surgery on Plaintiff, and Plaintiff's physical condition following the surgery.  In light of Plaintiff's contention that the decompression surgery failed, should the ALJ have ordered a second consultative examination prior to issuing a hearing decision?

Each party is directed to submit a supplemental brief addressing these questions, not to exceed ten (10) pages, on or before July 17, 2013.  If necessary, either or both parties may submit a response to the opposing party's brief, not to exceed five (5) pages, on or before July 22, 2013.  The matter shall then be deemed submitted for decision pursuant to Local R. 230(h).

IT IS SO ORDERED.

Dated:   **July 3, 2013**                                       **/s/ Sandra M. Snyder**
                                                                              UNITED STATES MAGISTRATE JUDGE